UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

BROTHERHOOD OF RAILROAD
SIGNALMEN,

*Plaintiff*,

v.

NATIONAL RAILROAD PASSENGER
CORPORATION,

*Defendant.*

No. 22-cv-00841 (DLF)

### MEMORANDUM OPINION

The Brotherhood of Railroad Signalmen ("Union") brings this petition seeking review of an award by the National Railroad Adjustment Board that dismissed its claims against the National Railroad Passenger Corporation ("Amtrak"). Before the Court are both Amtrak's Motion for Summary Judgment, Dkt. 12, and the Union's Motion for Summary Judgment, Dkt. 13. For the reasons that follow, the Court will grant the Union's motion for summary judgment and deny Amtrak's motion for summary judgment.

**I.   BACKGROUND**

The Brotherhood of Railroad Signalmen represents Amtrak employees who work in the Signalman class or craft. Pl.'s Statement of Undisputed Facts ¶ 1, Dkt. 13-2.[1] The Union and Amtrak are parties to a collective bargaining agreement. *Id.* ¶ 4. That agreement identifies Seniority Districts in which certain work on Amtrak's property and facilities is assigned to members of the Union. *Id.* ¶¶ 6–8.

---

[1] The Court cites to the plaintiff's Statement of Facts if a fact is undisputed. If a fact is disputed, the Court will indicate as such.

The Union and Amtrak dispute whether Amtrak's recently acquired Railway Express Agency Building, located in Washington D.C., is covered by these provisions in the parties' collective bargaining agreement. *Id.* ¶¶ 8, 10; Def.'s Counter-Statement of Undisputed Facts ¶ 2, Dkt. 18-1.  When, in 2017, the Union asserted that Signalmen work relating to the building should accrue to employees represented by the Union, Amtrak "refused to commit that the communications systems work in the building would be done by [Union] represented communications workers."  Pl.'s Statement of Undisputed Facts ¶ 11.

On June 30, 2017, the Union filed a complaint in this Court alleging that Amtrak's refusal to commit to assigning work in the building to Union members violated the Railway Labor Act. *Id.* ¶ 12.  The Court granted Amtrak's motion to dismiss the action, finding that the dispute between the Union and Amtrak was a "minor" dispute that must first go to arbitration.  *Bhd. of R.R. Signalmen v. Nat'l R.R. Passenger Corp.*, 310 F. Supp. 3d 131, 134–35 (D.D.C. 2018).

Accordingly, the Union filed a grievance in arbitration proceedings before the National Railroad Adjustment Board alleging that Amtrak had violated certain provisions of the collective bargaining agreement.  Pl.'s Statement of Undisputed Facts ¶ 15.  The National Railroad Adjustment Board dismissed the Union's claim.  *See* Arbitration Award at 5, Dkt. 1-1.  The Board "agree[d] with [Amtrak] that the claim is a request for an advisory opinion and is therefore beyond the Board's jurisdiction." *Id.* at 4.  It explained that "[i]t is a fundamental principle of jurisprudence . . . that there must be a case in controversy before a lawsuit can be filed," and that the Union had violated this principle because its claim contained "no contention and no evidence that [Amtrak] has assigned any communications work at the . . . [b]uilding to anyone, much less to non-[Union]-represented employees." *Id.*  The Board concluded that, because its "jurisdiction is limited to

actual controversies between the parties," it was obligated to dismiss the Union's claims. *Id.* at 4–5.

On March 29, 2022, the Union filed a petition before this Court seeking review of the Board's award. Dkt. 1. Amtrak moved for summary judgment, Dkt. 12, as did the Union, Dkt. 13.

## II.   LEGAL STANDARD

Any employee, group of employees, or carrier aggrieved by an award of the Board may petition for review of the award. 45 U.S.C. § 153 First (q). On such review, the Board's order "may be set aside . . . or remanded to the division [only] for failure of the division to comply with the requirements of [the Railway Labor Act], for failure of the order to conform, or confine itself, to matters within the scope of the division's jurisdiction, or for fraud or corruption by a member of the division making the order." *Id.*

"[T]he burden facing petitioners who seek judicial vacatur of arbitration awards is exceedingly high." *FBR Cap. Mkts. & Co. v. Hans*, 985 F. Supp. 2d 33, 36 (D.D.C. 2013) (citing *Stolt-Nielsen S.A. v. AnimalFeeds Int'l Corp.*, 559 U.S. 662, 671 (2010)). "[J]udicial review of arbitral awards is extremely limited," and courts "do not sit to hear claims of factual or legal error by an arbitrator as [they would] in reviewing decisions of lower courts." *Kurke v. Oscar Gruss & Son, Inc.*, 454 F.3d 350, 354 (D.C. Cir. 2006) (quoting *Teamsters Loc. Union No. 61 v. United Parcel Serv., Inc.*, 272 F.3d 600, 604 (D.C. Cir. 2001)). "The courts are not authorized to reconsider the merits of an award even though the parties may allege that the award rests on errors of fact or on misinterpretation of the contract." *United Paperworkers Int'l Union v. Misco, Inc.*, 484 U.S. 29, 36 (1987). This highly deferential standard "maintain[s] arbitration's essential virtue of resolving disputes straightaway," and prevents allowing arbitration to become "merely a prelude

to a more cumbersome and time-consuming judicial review process." *Oxford Health Plans LLC v. Sutter*, 569 U.S. 564, 568–69 (2013) (alteration in original) (quoting *Hall St. Assocs., L.L.C. v. Mattel, Inc.*, 552 U.S. 576, 588 (2008)).  If, however, an "arbitrator strays from interpretation and application of the agreement and effectively 'dispense[s] his own brand of industrial justice[,]' [then] his decision may be unenforceable." *Stolt-Nielsen*, 559 U.S. at 671 (quoting *Major League Baseball Players Ass'n v. Garvey*, 532 U.S. 504, 509 (2001) (per curiam)).  In other words, "a court is bound to enforce the award and is not entitled to review the merits of the contract dispute"—"[u]nless the arbitral decision does not draw its essence from the collective bargaining agreement." *W.R. Grace & Co v. Loc. Union 759*, 461 U.S. 757, 764–65 (1983) (cleaned up); *see also Am. Postal Workers Union, AFL-CIO v. U.S. Postal Serv.*, 789 F.2d 1, 8 (D.C. Cir. 1986) (stating that, if "the arbitrator render[s] a judgment . . . wholly without regard to the terms of the parties' contract, then the award could not be said to draw its essence from the contract").

## III.   ANALYSIS

Before this Court, Amtrak does not defend the Board's award on the jurisdictional grounds it argued before the Board, *see* App. at 3–5, Dkt. 12-3.  Instead, here Amtrak contends that the award should be affirmed because it "*is* an interpretation of the parties' agreement." Def.'s Mem. at 10, Dkt. 12-1; *see also* Def.'s Opp. at 8–9, Dkt. 18 ("[T]he rule that [the award] called 'jurisdictional' . . . is grounded in the parties' own agreements.").[2]  In Amtrak's view, the Board interpreted Rule 56 of the collective bargaining agreement, which provides that "[a]ll grievances or claims other than those involving discipline must be presented, in writing, by the employee or on his behalf by a union representative, to the Division Engineer."  App. at 409.

---

[2] Amtrak further disclaims that the Board applied any other NRAB procedural rules outside the award.  *See* Def.'s Mem. at 13.

But that is not what the award says. Not once does the award's analysis cite to the collective bargaining agreement, much less to Rule 56 or to any other provision of the agreement. *see* Arbitration Award at 4–5. Indeed, Amtrak did not even invoke Rule 56 in its briefing before the Board. *See* App. at 1–10.

Moreover, the award itself is internally contradictory as to the basis for its conclusion. At the outset, it states that the Board has jurisdiction over the dispute. *See* Arbitration Award at 2 ("This Division of the Adjustment Board *has jurisdiction* over the dispute involved herein." (emphasis added)). Later, however, it states that the claim is "beyond the Board's jurisdiction." *Id.* at 4. And throughout, the award references Amtrak's argument that "[t]he Board does not have jurisdiction to interpret and apply the Agreement to future situations." *Id.* at 4; *see also id.* ("Declaratory judgments and injunctive relief are beyond the jurisdiction of the Board . . . ."); *id.* ("The Board agrees with [Amtrak] that the claim is a request for an advisory opinion and is therefore beyond the Board's jurisdiction.").

The award's mere mention of "other arbitral authority," Def.'s Mem. at 11, and the merits of the Union's grievance, *id.* at 12, do not suffice to show that the Board drew its conclusion from Rule 56 or from the collective bargaining agreement. These references appear solely in the section of the award that summarizes the parties' arguments. *See* Arbitration Award at 3–4. "[A]n arbitrator [cannot] shield his award simply by the ruse of stating an issue without discussing it." *Clinchfield Coal Co. v. Dist. 28, United Mine Workers of Am.*, 720 F.2d 1365, 1369 (4th Cir. 1983).

This is not a case in which "[a] mere ambiguity" exists in the award. *United Steelworkers of Am. v. Enter. Wheel & Car Corp.*, 363 U.S. 593, 598 (1960); *cf.* Def.'s Opp. at 9 (arguing that award cannot be vacated merely "because an arbitrator uses vague or imprecise legal terminology"); *Am. Postal Workers Union*, 789 F.2d at 5–6 (stating the same). An award is

5

"ambiguous" where "one interpretation is supported by record evidence while another is void of any supporting evidence." *Safeway Stores, Inc. v. United Food & Commercial Workers Union*, 621 F. Supp. 1233, 1242 (D.D.C. 1985).  No such ambiguity exists here.  Nor is there some "rationally inferable, if not obviously drawn," basis for the award in the parties' collective bargaining agreement. *Bhd. of Ry., Airline, and S.S. Clerks v. Kansas City Terminal Ry. Co.*, 587 F.2d 903, 906 (8th Cir. 1978).

Because the Court cannot conclude that the Board considered and interpreted the parties' agreement, and because Amtrak does not defend the award on jurisdictional grounds, the Court will vacate the award and remand to the Board.[3]  *See* Def.'s Mem. at 15; Pl.'s Mem. at 21, Dkt. 13-1 (agreeing that remand is the proper remedy).

## CONCLUSION

For the foregoing reasons, the Court grants the plaintiff's motion for summary judgment, denies the defendant's motion for summary judgment, vacates the National Railroad Adjustment Board's award, and remands for further proceedings consistent with this opinion.  A separate order consistent with this decision accompanies this memorandum opinion.

                                                                              _____
                                                                              DABNEY L. FRIEDRICH
                                                                              United States District Judge

February 2, 2023

---

[3] The Court therefore need not decide whether "Amtrak is judicially estopped from defending the award," Pl.'s Mem. at 19, or whether the award should be vacated because the Board failed to comply with the Railway Labor Act by "refusing to decide [the Union's] claim on the merits," *id.* at 14.